IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARK TUNNE, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:25-cv-2776-B-BN |
| § | |
| FLIX NORTH AMERICA, INC., § | |
| FLIX BUS, INC., and JOHN DOE, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Jane J. Boyle. *See* Dkt. No. 5.

Plaintiff Mark Tunne filed a *pro se* complaint against Defendants Flix North America, Inc., Flix Bus, Inc., and John Doe (a male bus operator). *See* Dkt. No. 1. Tunne raises claims of negligence, emotional distress, and breach of contract. *See id.* at 2.

On October 17, 2025, the undersigned ordered Tunne to address the Court's subject matter jurisdiction no later than October 31, 2025. *See* Dkt. No. 6. Tunne has not responded.

For the following reasons, the Court should dismiss Tunne's complaint [Dkt. No. 1] without prejudice for lack of subject matter jurisdiction.

### Legal Standards

The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Due to the limited nature of the federal courts' jurisdiction, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted).

But the Court has an independent duty to ensure that there is subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999). "A defect in the district court's subject matter jurisdiction ... may be raised at any time by the parties or the court itself and cannot be waived." *Hayes v. Gulf Oil Corp.*, 821 F.2d 285, 290-91 (5th Cir. 1987). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### Analysis

**I.      Tunne fails to meet his burden to allege federal question jurisdiction exists.**

Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.

To determine whether federal question jurisdiction exists, courts apply the "well-pleaded complaint" rule. The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the

plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).

"Most directly, and most often, federal jurisdiction attaches when federal law creates the cause of action asserted." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016). And, so, if the Court finds a federally created cause of action on the face of the plaintiff's well-pleaded complaint, the Court may exercise federal question jurisdiction over the claim.

Tunne asserts that the Court has jurisdiction under Section 1331. *See* Dkt. No. 1 at 2. But Tunne has not established on the face of his complaint that his claims against Defendants are based on a federal cause of action.

Tunne's first claim against Defendants is for breach of contract, which is governed by state law. *See* Dkt. No. 1 at 11; *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 259 (5th Cir. 2014) ("EMS's suit concerns a contract dispute that presents only state-law questions."). Tunne pleads no facts showing that the breach-of-contract claim arises out of the U.S. Constitution, federal laws, or federal treaties.

Tunne's second, third, fourth, fifth, and sixth claims are personal injury tort claims, such as negligence and recklessness. *See* Dkt. No. 1 at 12-20. And his seventh claim is for negligent, reckless, and/or intentional infliction of emotional distress, which are also tort claims. *See id.* at 20-22. But Tunne does not allege that his tort claims arise out of federal law. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (declining to exercise jurisdiction over a case in which the parties did "not

allege that federal law create[d] any of the causes of action that they … asserted").

On rare occasions, Section 1331 "also covers a suit containing state-law claims alone, because one or more of them necessarily raises a substantial and actually disputed federal question." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (cleaned up). But that is not the case here.

And, so, the undersigned does not agree that federal question jurisdiction exists under 28 U.S.C. § 1331.

## II. Tunne cannot rely on diversity jurisdiction.

Diversity jurisdiction under 28 U.S.C. § 1332 may provide an alternative basis for subject matter jurisdiction here, but Tunne has not invoked it in his complaint. Even if he had, Section 1332 does not confer jurisdiction in this case.

Subject matter jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship between the parties and the matter in controversy exceeds $75,000. *See Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332); *see also Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742 (5th Cir. 2020).

The party invoking jurisdiction under Section 1332 is responsible for showing that the parties are completely diverse. *See Menchaca v. Chrysler Credit Corp.*, 612 F.2d 507, 511 (5th Cir. 1980); *see also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("The burden of proving that complete diversity exists rests

upon the party who seeks to invoke the court's diversity jurisdiction.").

For diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

A corporation's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Put another way, a corporation's principal place of business is its "nerve center." *Id.* at 93.

Tunne alleges that Defendant Flix North America, Inc. is "headquartered in Dallas, Texas." Dkt. No. 1 at 2. But he does not state or explain why Dallas, Texas is Flix North America's principal place of business. And he does not plead Flix North America's state of incorporation.

Tunne also alleges that Defendant FlixBus Inc. is "located in Bavaria, Germany." Dkt. No. 1 at 2. But he fails to allege its principal place of business and state of incorporation.

The complaint states that Defendant John Doe, an individual, "appeared to Plaintiff to be possibly a French, Belgian, national." Dkt. No. 1 at 2. Tunne has not made a sufficient showing of John Doe's citizenship. *See SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) ("Because federal courts have limited jurisdiction, parties must make clear, distinct, and precise affirmative jurisdictional allegations in their pleadings."); *Richard v. Doe*, 638 F. App'x 409, 410 (5th Cir. 2016)

("Richard's complaint does not reflect the citizenship of the John Doe defendant and his complaint does not allege any facts that indicate that Doe has diverse citizenship. Richard failed to carry his burden of establishing the existence of diversity jurisdiction.").

And Tunne has not pleaded any amount in controversy, which must exceed $75,000 to create diversity jurisdiction under Section 1332. Tunne describes the damages he seeks, but he does not state an amount for those damages. *See* Dkt. 1 at 25-26.

And, so, the undersigned is not persuaded that diversity jurisdiction exists under 28 U.S.C. § 1332.

### III. Tunne cannot rely on supplemental jurisdiction for his state law claims.

Tunne attempts to invoke supplemental jurisdiction under 28 U.S.C. § 1367. *See* Dkt. No. 1 at 2.

Section 1331, as an "independent basis of subject matter jurisdiction," allows for supplemental jurisdiction under Section 1367 for the state law claims. *Atkins v. Propst*, No. 22-10609, 2023 WL 2658852, at *2 (5th Cir. Mar. 28, 2023) (per curiam) (citing *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214 (5th Cir. 2012)). Section 1332 also provides an independent basis for jurisdiction. *See Arena*, 669 F.3d at 222. But, where that independent basis for subject matter jurisdiction does not exist, a court must decline to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367; *Arena*, 669 F.3d at 221.

Because Tunne has not invoked federal question or diversity jurisdiction, the

undersigned finds that Section 1367 cannot provide subject matter jurisdiction for his claims.

### IV. Tunne cannot rely on Section 1343 to create subject matter jurisdiction.

Tunne also attempts to invoke 28 U.S.C. § 1343. *See* Dkt. No. 1 at 2. Section 1343 creates subject matter jurisdiction for causes of action arising under 42 U.S.C. § 1985; the deprivation of Constitutional rights; and the deprivation of civil rights protected by federal statutes, such as the right to vote. *See* 26 U.S.C. § 1343. Tunne's complaint does not contain such claims.

And, so, the undersigned declines to find subject matter jurisdiction over Tunne's claims based on Section 1343.

### Recommendation

For the reasons explained above, the Court should dismiss Tunne's Original Complaint [Dkt. No. 1] without prejudice for lack of subject matter jurisdiction.

The 14-day objection period, as outlined below, provides Tunne with an opportunity to respond and, if it can, show to the Court it has federal subject matter jurisdiction over this action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)

DATED: November 14, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE